**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRAISURE EARL SMITH,<br><br>                Plaintiff - Appellant,<br><br>    v.<br><br>SOLANO COUNTY; et al.,<br><br>                Defendants - Appellees. | No. 13-16624<br><br>D.C. No. 2:11-cv-00142-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted September 23, 2014[***]

Before:      W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Fraisure Earl Smith appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging denial of medical treatment while

---

       [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       [**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

       [***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

confined in Solano County Jail pursuant to California's Sexually Violent Predator Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

We do not decide what legal standard applies to this case because, under either the "professional judgment" or "deliberate indifference" standard, Smith failed to raise a genuine dispute of material fact as to whether defendants improperly denied him medical treatment. *See Youngberg v. Romeo*, 457 U.S. 307, 321-23 (1982) (imposing liability where a decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment"); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health).

The district court did not abuse its discretion in granting defendants' motion to amend the deadline for dispositive motions. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (stating standard of review).

**AFFIRMED.**

13-16624